IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDITH DESINOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | Case No. 3:26-cv-038 |
| LEONARD ODDO, *et al.*, | ) | Judge Stephanie L. Haines |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

### **ORDER**

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added). Further, in order to obtain a temporary restraining order (a "T.R.O.") a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a

preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

Here, upon review of Petitioner Judith Desinor's ("Petitioner") Motion for a T.R.O., ECF No. 3, the Court finds that Petitioner has failed to make a sufficient showing to obtain a T.R.O. at this time.[1] Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion at ECF No. 3 is **DENIED.**

**IT IS FURTHER ORDERED** that all remaining matters in this case remain referred to the Magistrate Judge for consideration in the first instance.

DATED: January 12, 2026:

BY THE COURT:

STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

---

[1] The Court takes this opportunity to more fully explain its decision. Petitioner sets forth that she is a Haitian Citizen who has been properly granted Temporary Protected Status ("TPS") under 8 U.S.C. § 1254a. ECF No. 1, p. 2. TPS can only be revoked by the Department of Homeland Security ("DHS") under very specific circumstances, which Petitioner contends are not present here. ECF No. 3-1, pp. 2-4. Further, even if TPS could be revoked in this case, proper procedure was not taken to do so. ECF No. 3-1, p. 4. Petitioner contends that her protected status is effective through February 3, 2026, though this issue is currently in litigation in several courts. ECF No. 3-1, pp. 4-5. On September 19, 2024, Petitioner was required to appear in immigration court and was charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i), being present without admission or parole. ECF No. 3-1, p. 6; ECF No. 1-7. She has a hearing scheduled for August 27, 2026. Petitioner is currently held at the Moshannon Valley Processing Center ("MVPC") and seeks "immediate release" based on her TPS status. "An alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States. 8 U.S.C. § 1254a(d)(4). The Government has not sought to withdraw her TPS but stated the basis for Petitioner's detention is that she was charged with a serious crime (assault). ECF No. 1, ¶¶ 2, 20.

The relief Petitioner's request for "immediate release" goes beyond the "limited nature of a [T.R.O.]" and instead requests "mandatory, affirmative relief[.]" *Hope I*, 956 F.3d at 162 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]") (citing *Granny Goose*, 415 U.S. at 439). Because mandatory, affirmative relief may not be afforded via a T.R.O, the Court must, therefore, DENY Petitioner's Motion at ECF No. 3. The Court acknowledges the decisions issued by other district courts not binding on this Court, which found detainees with TPS were illegally detained. *See* ECF No. 3-1, p. 11-12. The Court does not necessarily disagree with those decisions but finds a T.R.O. to be an improper vehicle to make such a determination.